IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY _____ D.C.

05 APR 18 PM 2:49

ROBERT R. DI TROLIO
CLERK OF U.S. DIST. CT.
W.D. OF TN - JACKSON

|   |   |
|---|---|
| KAREN WRIGHT and ) |   |
| GILEY WRIGHT, ) |   |
| ) |   |
| Plaintiffs, ) |   |
| ) |   |
| VS. ) | No. 04-1313-T-An |
| ) |   |
| WALGREEN CO., ) |   |
| ) |   |
| Defendant. ) |   |

## ORDER DENYING DEFENDANT'S MOTION FOR COURT TO DECLINE TO EXERCISE JURISDICTION AND MOTION TO DISMISS

Plaintiffs Karen and Giley Wright have filed this action against Walgreen Company for personal injuries that allegedly resulted when Plaintiff Karen Wright's prescription was filled incorrectly by Walgreen pharmacist, Richard Belew. Jurisdiction is predicated on diversity of citizenship, 28 U.S.C. § 1332. Defendant has filed a motion to dismiss, and Plaintiffs have responded to the motion. For the reasons set forth below, Defendant's motion is DENIED.

Plaintiffs originally filed a lawsuit in the Madison County Circuit Court, based on the same set of facts as those in the present action. In the state court action, Plaintiffs sued both Walgreen and Richard Belew. The case was set for trial on August 30, 2004. Plaintiffs filed

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 4/19/05

\\

a notice of voluntary nonsuit on August 18, 2004.[1] Plaintiffs then re-filed the action in this court, naming only Walgreen, an Illinois corporation, as a defendant. Plaintiffs and Belew are Tennessee residents. Consequently, this court would not have diversity jurisdiction if Belew had been named as a defendant. Defendant asks the court, in its discretion, to decline to exercise jurisdiction or, in the alternative, to dismiss the action pursuant to Fed. R. Civ. P. 19 on the ground that Plaintiffs have failed to join an indispensable party.

## Motion for Court to Decline Jurisdiction

Defendant's request that the court decline to exercise its jurisdiction is based on the reasoning of McDermott v. Toyota Motor Sales Co., 487 F. Supp. 484 (E.D. Tenn. 1980). In that case, the court determined that the plaintiff's "forum shopping" was a sufficient reason for the court to decline to exercise its jurisdiction. Id. at 486. The court explained its decision as follows:

> The federal district courts are courts of limited jurisdiction established to adjudicate only certain kinds of lawsuits. That state and federal courts enjoy concurrent jurisdiction over some matters cannot serve to reduce the independence of each. We are not designed to sit in judgment over state courts, nor to second-guess the studied opinions of state judges. We

---

[1] Tennessee Rule of Civil Procedure 41.01 provides a plaintiff with a right to enter a voluntary nonsuit, dismissing an action without prejudice. The rule states in pertinent part:
Rule 41.01 Voluntary Dismissal--Effect Thereof
(1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict.

2

> recognize that valid tactical considerations may form the basis of a plaintiff's initial choice of forum, or of his decision to take a non-suit. But an indication from the trial judge, after the expenditure of court time and litigants' money, that the plaintiff is not making out his case, is simply not such a valid consideration. To condone such obvious instances of "forum shopping" would only serve to destroy the independence of the state and federal courts, and to defeat any hope for judicial economy and the orderly resolution of cases.
>
> Plaintiff in this case still has ample time to refile his case in state court, and, if he is not satisfied there, will have the right to appeal to the highest state court. He is entitled to no more.

Id.

In their response, Plaintiff rely on Federal Deposit Ins. Corp. v. Nichols, 885 F.2d 633 (9th Cir. 1989). Nichols criticized McDermott and found that abstention solely due to alleged forum shopping was not appropriate. The court noted that it was "aware of no doctrine of abstention or deference of jurisdiction which authorizes federal courts to decline to exercise jurisdiction on this ground [forum shopping] alone" although "'forum shopping' may be considered as one among numerous factors relevant to determining whether to defer." 885 F.3d at 637. The court further explained that

> the Supreme Court's decisions also make it clear that Colorado River [ Water Conservation District v. United States, 424 U.S. 800 (1976)] deference, which is grounded on considerations of "wise judicial administration" and "conservation of judicial resources," is available only "in situations involving the *contemporaneous* exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." Colorado River, 424 U.S. at 817(emphasis added). In this case, there was no concurrent or pending state court proceeding when Downey moved for dismissal or when the district judge declined to act. The state action was dismissed without prejudice (1) on the same day the FDIC's federal action was filed and (2) almost three months before the district court's dismissal. It was therefore an abuse of

3

> discretion to decline jurisdiction under the Colorado River doctrine. See also Cone [Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 28] ("When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.")

Id. at 637-38 (some citations omitted). The holding of McDermott and Eager v. Kain, 158 F. Supp. 222 (E.D. Tenn.1957), that abstention for forum shopping alone is proper, was rejected as follows:

> McDermott had filed a prior, identical action in state court, and defendants had moved for summary judgment. Although defendants' motion was denied "out of an abundance of caution," the state judge indicated that he would look favorably upon defendants' motion for directed verdict after trial unless McDermott brought forward additional facts. McDermott then took a voluntary non-suit and reinstituted the action in federal court. Relying primarily on Eager, the district judge in McDermott abstained on the grounds that McDermott had improperly engaged in "forum shopping." Similarly, in Eager the court dismissed the action of a plaintiff who had taken a non-suit at the close of trial in an identical action in state court. The court in Eager cited forum shopping as the reason for its abstention.
>
> We conclude that McDermott and Eager were wrongly decided. We do not believe they can be squared with the Supreme Court's abstention doctrines or its teaching that abstention from federal jurisdiction "is the exception, not the rule." Colorado River, 424 U.S. at 813. Federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." Id. at 817. For this reason, "abstention from the exercise of federal jurisdiction is considered 'an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" American International, 843 F.2d at 1256, quoting Colorado River, 424 U.S. at 813. We conclude that the district judge abused her discretion in abstaining based on forum shopping alone.

885 F.3d at 637 (some citations omitted).

4

In the present case, in the light of the fact that diversity jurisdiction exists and there is no pending state litigation, the court will not decline to exercise jurisdiction. Although Defendant urges the court to consider that state law controls Plaintiffs' claims, this is true in any federal court action based on diversity jurisdiction. Thus, the court gives this factor little weight.

## Motion to Dismiss

Defendant also asks the court to dismiss the action on the ground that Plaintiffs have failed to name a necessary party. According to Defendant, Richard Belew, the pharmacist, is a necessary party. Therefore, Defendant argues that the action must be dismissed.

Rule 19 of the Federal Rules of Civil Procedure provides, in part:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

It is undisputed that the joinder of Richard Belew would defeat diversity jurisdiction. However, "complete relief" can "be accorded among those already parties" without the joinder of Belew. Fed. R. P. 19(a). This action is based on the alleged negligence of Defendant's employees. In <u>Johnson v. LeBonheur Children's Medical Center</u>, 74 S.W.3d 338 (Tenn. 2002), the Tennessee Supreme Court discussed the doctrine of respondeat

5

superior:

> When an agency relationship exists, the principal may be bound by the acts of the agent performed on the principal's behalf and within the actual or apparent scope of the agency. In Tennessee, the doctrine of respondeat superior permits the master/principal to be held liable for the negligent actions of his servant/agent. To hold the master/principal vicariously liable, "it is enough that the servant or agent was acting in the business of his superior."

74 S.W.3d at 343 (citations omitted). Thus, Plaintiffs can be made whole if they recover against Defendant.

Additionally, Belew does not have a legally protected interest in the subject of this action. See 3A James W. Moore et al., Moore's *Federal Practice* ¶ 19.07[2.-0] (2d ed. 1985) (The "interest" required for joinder under Rule 19(a)(2) must be a legally protectable interest.) Defendant asserts that an award of damages could affect Belew's "professional reputation, his insurability in the future, and his future employability." Defendant's Memo. at p. 11. Even if Defendant is correct, Belew would be at most a "slandered outsider" without a legally protected interest. See Intercept Sec. Corp. v. Code-Alarm, Inc., 164 F.R.D. 215, 220 (E.D. Mich. 1995). See also Sierra Club v. United States Army Corps of Engineers, 709 F.2d 175 (2nd Cir.1983) (party not necessary because firm's concern that "its professional reputation is under attack" is not an interest relating to the subject of the action, and an adverse judgment would have, at most, an indirect effect on the firm); Pasco Int'l (London) Ltd. v. Stenograph Corp., 637 F.2d 496 (7th Cir. 1980) (In an action against corporations with which plaintiff's former chief engineer entered into an exclusive agency agreement and with which the chief engineer allegedly conspired to induce the foreign

government to bypass plaintiff, any adverse consequences on the chief engineer's business reputation based on a judgment against the corporation was not a sufficient interest for finding the chief engineer indispensable for joinder purposes.)

Because Belew is not a necessary party to the action, no determination under Rule 19(b) is required. See Temple v. Synthes Corp., 498 U.S. 5, 8 (1990) (Rule 19(b) inquiry is required only if party satisfies the threshold requirements of Rule 19(a)).

Accordingly, Defendant's motion for the court to decline jurisdiction and motion to dismiss are DENIED.

IT IS SO ORDERED.

James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

18 April 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 11 in case 1:04-CV-01313 was distributed by fax, mail, or direct printing on April 19, 2005 to the parties listed.

---

Clinton H. Scott
SPRAGINS BARNETT COBB & BUTLER
312 East Lafayette St.
Jackson, TN 38302--200

Lewis L. Cobb
SPRAGINS BARNETT COBB & BUTLER
312 East Lafayette St.
Jackson, TN 38302--200

Pam Warnock Green
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Honorable James Todd
US DISTRICT COURT